UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| HOWARD F. BRONSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-418 |
| GREG LEDUC, | ) |
| Defendant. | ) |

**ORDER**

In this case removed from Vermont Superior Court, pro se plaintiff Howard F. Bronson claims that defendant Greg Leduc wrongfully terminated Plaintiff's employment as a clinician/counselor at the Brattleboro Comprehensive Treatment Center ("CTC") on February 1, 2024, approximately three months after hiring Plaintiff. (*See* Doc. 10.) The complaint lists 15 causes of action: wrongful termination, breach of implied contract, misrepresentation, discrimination, slander/defamation of character, favoritism, intentional infliction of emotional distress, unfair business practices, elder abuse, retaliation, violation of the Vermont Fair Employment Practices Act, violation of the federal Whistleblower Act, "deliberate breach of termination protocol," discriminatory invasion of privacy, and "tortious interference of business." (*Id.* at 1.) For relief, Plaintiff seeks damages and a "public and published apology." (*Id.* at 10.)

Before removal, the Superior Court granted Plaintiff's April 2024 "Motion for Permission to File Addendum" to the complaint. (*See* Docs. 14, 16.) In an Order dated January 16, 2025, the federal court granted Plaintiff's "Motion for Permission to File Second Addendum." (*See* Docs. 15, 25.) The docket does not reflect any amended pleading filed in

response to either of those prior orders granting leave to do so. The deadline that the court imposed in its January 2025 Order for filing an amended complaint has expired.

The court denied Defendant's Rule 12(b)(5) motion because the Superior Court's prior waiver of the obligation to pay filing fees and the costs of service is analogous to a grant of an application to proceed *in forma pauperis* in federal court, which typically results in court-assisted service. (*See* Doc. 25 at 8.) The court continues to hold that Plaintiff is entitled to that assistance. But the court cannot assist with service unless it is clear what pleading is to be served.

On that issue, the court's January 2025 Order was not as clear as it should have been. That ruling stated that it "ordered" Plaintiff to file an Amended Complaint (Doc. 25 at 8) and that Plaintiff "must" do so (*id.* at 9). At the same time, the January 2025 Order contemplated the possibility that Plaintiff might fail to file an amended complaint and indicated in that event service could proceed on the original complaint. (*Id.*) The court concludes that the better course in this case is to require an amended pleading. The court clarifies here that Plaintiff must file an Amended Complaint to proceed with this lawsuit.

Notably, it was Plaintiff's request to add new allegations that gave rise to the court's January 2025 Order. Serving the original complaint—now outdated in light of Plaintiff's two requests to amend—does not appear to be a good solution to the issues with service raised in Defendants' Rule 12(b)(5) motion. Moreover—given the prior grants of Plaintiff's motions for "Addendums"—it would be unfair to Plaintiff to force him to proceed in this case without the theories included in those documents.

The court therefore orders as follows. To proceed in this case, Plaintiff must file an amended complaint. The amended pleading shall be entitled "Amended Complaint" and must

contain Plaintiff's factual allegations in their entirety and all of Plaintiff's claims—including those in Plaintiff's First and Second Addendums—because the Amended Complaint will supersede the original complaint in all respects. The court directs Plaintiff to file his Amended Complaint by **April 7, 2025.** Upon filing of the Amended Complaint, the Clerk is requested to issue a summons and service of summons and the Amended Complaint shall be effected by the U.S. Marshals Service. After service is complete, Defendant may renew his Rule 12(b)(6) motion. **This is Plaintiff's final opportunity to amend his complaint. The court will dismiss Plaintiff's claims if he fails to file an amended complaint by the April 7, 2025, deadline or show good cause why he cannot comply.**

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of March, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court